RENFROE v. BRUTON et al.    (No. 1717.)

(Court of Civil Appeals of Texas. Texarkana. March 10, 1917. Rehearing Denied March 29, 1917.)

APPEAL AND ERROR ☞262(1) — REQUESTED SPECIAL ISSUES—EXCEPTIONS—NECESSITY.

Where no exceptions were taken as required by statute to refusal of trial court to submit special issues, refusal need not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582, 1586.]

Appeal from District Court, Gregg County; W. C. Buford, Judge.

Suit by Mrs. A. E. Renfroe against W. M. Bruton and another. Judgment for defendants, and plaintiff appeals. Affirmed.

F. B. Martin, of Longview, for appellant. T. B. Stinchcomb and Lacy & Bramlette, all of Longview, for appellees.

HODGES, J. The appellant filed this suit in the form of an action of trespass to try title against W. M. Bruton and J. M. Wood for the recovery of a small strip of land lying on the south boundary of a tract owned by her. She also sought an injunction restraining the defendants from interfering with her right of possession. The appellees, defendants below, answered by a plea of not guilty, and by way of cross-bill asserted that the suit was one for the location of a boundary line between the land owned by the contending parties. It was further alleged that the land in dispute was a public highway which had been in use for a number of years, and that if the appellant owned the land it was subject to an easement which had been acquired by the public by limitation. The case was submitted by the court upon special issues, and the jury returned a verdict finding that the line contended for by the appellees was the true boundary line between their lands and that of the appellant, and, further, that the defendants and other persons, without the consent and over the protest of plaintiff, had, under a claim of right so to do, continuously used the old road as it existed before a change made by Renfroe for a period of more than ten years. Upon these find-

ings the court entered a judgment in favor of the defendants below for the land in dispute, and established the line asserted by them as the true boundary. There were no objections or exceptions reserved to the submission of those issues. The appellant requested the submission of other special issues, which the court refused. No exceptions were taken as required by statute to that refusal.

It has so often been held that a failure to reserve exceptions to the refusal of special charges is required as the basis of an appropriate assignment that it is now unnecessary to cite authorities in support of that proposition. Requests for the submission of a special issue to the jury where special findings are to be made are not materially different from other special charges within the meaning of the statute. First National Bank v. Smith, 183 S. W. 862; So. Gas & Gasoline Engine Co. v. Richolson, 181 S. W. 529. Notwithstanding this failure to reserve the necessary exceptions, we have examined the record and find no sufficient reason for disturbing the judgment. The answers returned by the jury were fully warranted by the evidence and sustain the judgment rendered, and it will therefore be affirmed.